### George Jones vs. Asa E. Daniels.

Under the Rev. Sts. *c.* 128, § 1, perjury may be committed by testifying falsely at a hearing before a board of fence-viewers under *c.* 19, § 5, and *c.* 43, § 28, after being sworn by a justice of the peace, according to *c.* 85, § 86.

SLANDER for charging the plaintiff with perjury in testifying falsely, after being sworn by a justice of the peace duly qualified, before the fence-viewers of Williamstown, concerning a fact material to the question before them for a hearing. At the trial in the court of common pleas in Berkshire, *Briggs*, J. ruled that the action could not be maintained, and ordered a verdict for the defendant. The plaintiff alleged exceptions which were argued at September term 1859.

*J. E. Field*, (*A. J. Waterman* with him,) for the plaintiff.

*H. L. Dawes*, for the defendant.

DEWEY, J. By the Rev. Sts. *c.* 128, § 1, it is enacted that " every person who, being lawfully required to depose the truth on any proceeding in a course of justice, shall commit perjury," shall be

punished as therein prescribed. By § 2, " if any person, of whom an oath shall be required by law, shall wilfully swear falsely in regard to any matter or thing respecting which such oath is required," such person shall be deemed guilty of perjury. This latter provision, as found in the second section, might seem from its very general language to embrace all cases where an oath had been lawfully administered in the execution of official duty. But from a reference to the original act from which this provision was transferred to the Rev. Sts. we are inclined to the opinion that the section had reference to official oaths, as oaths required of directors of banks or other corporations, or individuals of whom by special statute provisions oaths are required. *St.* 1829, *c*. 56. The offence first described embraces all cases of perjury before courts of justice. It goes further, and includes also all cases of perjury in any proceeding "in a course of justice." This latter term would more obviously apply to cases of false oaths taken in cases pending in court, embracing not only oaths in open court, but also oaths taken in all incidenta. proceedings, having reference to such cases ; but it is not necessarily thus restricted.

The immediate inquiry here is, to what tribunals is the crime here punishable limited ? We may answer, first, that it is not confined to courts of record. False swearing before any judicial tribunal, having lawful authority to summon witnesses and administer oaths, might be perjury. We do not suppose that a technical suit by civil process is the only case in which perjury can be committed in civil proceedings. It would seem to be a sound principle, that if the tribunal was one before which witnesses might properly be called to testify under oath, false swearing before it might be punishable as perjury.

It becomes material to examine our statutes and ascertain the precise character of the tribunal before which the false swearing is alleged to have taken place in the present instance. We find the board of fence-viewers to be public officers, required by law to consist of two or more, to be chosen annually in each town, who are required to be sworn to the faithful discharge of the duties of their office. Rev. Sts. *c*. 15, § 33; *c*. 19,

§ 16. The duties devolving upon them are stated at large in *c.* 19, § 5, and *c.* 43, § 28. Those duties require them to adjudicate upon controverted rights of parties. They have the minor duty of deciding whether fences actually existing are good and sufficient fences. They have also the much larger jurisdiction of assigning to contiguous owners of real estate their respective shares of fence to be by them severally maintained, which assignment, in the language of the statute, " shall be binding upon the parties and upon all the succeeding occupants of the lands," and " the several owners of such lands and their heirs and assigns forever shall erect and support said fences agreeably to such division." *c.* 19, §§ 5, 15. They have also the duty of apportioning the fences to be supported by the various proprietors of general fields. *c.* 43, § 28.

These duties indicate that a board of fence-viewers is a tribunal created with authority to adjudicate upon important rights of property, and clothed with final jurisdiction upon matters which may be of very considerable pecuniary importance. Treating the questions to be settled by them as adversary in their nature, the statute, in order to secure the proper discharge of their duties, requires them to give notice to each party before proceeding to act. A hearing necessarily implies an opportunity given to the parties to show the facts appertaining to the case, and this further implies that such facts may properly be required to come from witnesses under the usual safeguard of the administration of an oath, to testify the truth. Looking at the character of this tribunal as thus developed, and as we are conversant with it practically, the court are of opinion that perjury may be committed by a person testifying falsely and corruptly as a witness at a hearing before a board of fence-viewers legally assembled to adjudicate upon the rights of adjacent landowners as to their division fences.

If the occasion was a proper one for taking testimony, a justice of the peace, in their presence, and at their request, might administer the oath to the witnesses. Rev. Sts. *c.* 85, § 36.

*Exceptions sustained.*